IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 05-CV-0035-CVE-FHM |
| GOLD BANK, ) ) ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is St. Paul Fire & Marine Insurance Company's ("St. Paul") motion to strike (Dkt. # 15). St. Paul asks the Court to strike affirmative defenses numbered 7 and 8 in Gold Bank's answer (Dkt. # 7), because those defenses allegedly fail as a matter of law. Gold Bank responds that plaintiff can not rely on the truth of the allegations in its complaint as to the motion to strike under Fed. R. Civ. P. 12(f), and that facts are likely to exist which will support this defense.

Rule 12(f) authorizes parties to file a motion to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are viewed with disfavor, because these motions usually only serve to delay the proceedings. Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). "A court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Sunlight Saunas, Inc v. Sundance Sauna, Inc., 427 F. Supp. 2d 1022, 1029 (D. Kan. 2006). The district court must deny a motion to strike a defense "if the defense is sufficient as a matter of law or it fairly presents a question of law or fact which the court ought to hear." Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977).

St. Paul claims that Gold Bank may not assert notice defenses under Oklahoma's Commercial Code, specifically under Okla. Stat. tit. 12A, § 4A-505, if St. Paul alleges that Gold Bank acted in bad faith. St. Paul relies on several cases holding that a showing of bad faith precludes notice defenses, but none involves a motion to strike defenses under Rule 12(f). <u>Regions Bank v. The Provident Bank, Inc.</u>, 345 F.3d 1267, 1278-79 (11th Cir. 2003) (Regions Bank failed to prove that defendant acted in bad faith and summary judgment in favor of defendant was proper); <u>Western Casualty & Surety Co. v. Citizens Bank of Las Cruces</u>, 676 F.2d 1344, 1345 n.3 (10th Cir. 1982) ("Although Western Casualty alleged in its complaint that the banks acted in 'bad faith,' this allegation is not supported by any facts in the record, and was not seriously pressed on appeal. Western Casualty 'cannot rest on mere allegations . . . but must, by affirmative response in affidavits or otherwise, set forth specific facts showing that there is a genuine issue for trial.'"); <u>Falk v. Northern Trust Co.</u>, 763 N.E.2d 380, 387-88 (Ill. App. Ct. 2001) (denying defendant's motion to dismiss because plaintiff included sufficient allegations to state claim that defendant bank acted in bad faith). These cases do not suggest that the mere allegation of bad faith by the plaintiff is sufficient to strike a notice-based defense under the Uniform Commercial Code. On the contrary, these cases are clear that the plaintiff must offer proof of bad faith before the Court can preclude a defendant from raising notice defenses.

The Court finds that St. Paul's motion to strike is premature. St. Paul's motion could be granted only if the Court concluded that Gold Bank acted in bad faith; however, this is not a motion to dismiss and the Court is not required to accept plaintiff's allegations as true. There is also an issue of law as to whether Oklahoma law imposes a good faith requirement before notice defenses

can be raised.  The Court can not conclude that Gold Bank's notice defenses are barred as a matter of law and plaintiff's motion to strike should be denied.

**IT IS THEREFORE ORDERED** that St. Paul's motion to strike (Dkt. # 15) is **denied**. This matter remains **stayed** (see Dkt. # 74) pending further ruling on the 4A-505 defense issues (see Dkt. ## 67, 68).

**DATED** this 17th day of July, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT